SPURRIER, FORBES & MILLS, v. W. B. C. BULLARD, and ANNA R. BULLARD, Appellants.

**Parol evidence:** VARIANCE OF WRITING. Evidence of a parol agreement to orally argue a case in the Supreme Court, is inadmissible, where there was a written contract for compensation for taking the appeal.

**Pleadings:** AMENDMENT. Refusal to permit an amendment during the trial, after repeated delays, is not an abuse of discretion.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

WEDNESDAY, JUNE 13, 1906.

Action at law to recover for services rendered· by plaintiffs as attorneys at law under a written contract with the defendants. There was a directed verdict and judgment for plaintiffs, and defendants appeal.— *Affirmed.*

*A. K. Stewart,* for appellants.

*Parrish, Dowell & Parrish,* for appellee.

Per Curiam.— The appellant, W.˙ B. ·C. Bullard, having been indicted and convicted upon charge of obtaining money by false pretenses, employed the plaintiff firm of lawyers to conduct his appeal from said judgment, and with his wife and codefendant herein as surety entered into a written contract to pay for such services the sum of $250, and in addition thereto to reimburse said plaintiffs for any advances made by them in the progress of said appeal. In pursuance of said contract appellees proceeded with the appeal, prepared and filed the abstract and prepared, printed, and had ready for filing their brief and argument in said appellants' behalf. At this stage of the proceedings appellees called upon appellants for payment of the agreed price of their services. This demand was refused or ignored by appellants who, in some manner, secured possession of the printed briefs and arguments prepared by the appellees and filed them with the clerk of this court thus securing the benefits of the services of said counsel in support of the appeal. About the same time and before the appeal was finally disposed of, appellants gave notice to the appellees that their services in the case were no longer desired. Thereafter this action was begun. In defense thereto it is answered, in addition ˙to formal admissions and denials, that it was orally agreed in consideration of the agreed payment of $250 that Judge Spurrier would orally argue the case in the Supreme Court and failed to do so, and that by reason of plaintiff's failure to perform this agreement defendants

have been compelled to employ other counsel in the same case at an expense of $150. Defendants also claim further credit for moneys alleged to have been paid. They also plead in abatement that the sum claimed was not due or payable when this action was begun.

We cannot undertake to set out or discuss in detail the evidence in the case. It is enough to say it is made entirely clear that appellees performed the services they agreed to perform, and that the defense is wholly without merit. No reason whatever is shown for the discharge of counsel. They had faithfully performed the services they had agreed to render, and were entitled to their compensation according to the appellants' promise. The oral agreement upon which appellants relied was inadmissible as against the written contract, and there was no error in excluding it. The alleged payments are supported by no competent testimony, but from appellants' own statements are shown to be groundless. There is no counterclaim pleaded, and the refusal of the trial court after repeated delays to permit an amendment in the course of the trial was not an abuse of discretion.

There is no reversible error in the record, and the judgment of the district court is *affirmed*.